UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN WHITTMAN,

Plaintiff,

v.

DJC, et al.,

Defendant.

Case No. 2:25-cv-02857-DC-CSK (PS)

FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE

Plaintiff Marvin Whittman, proceeding without the aid of counsel, filed this action on October 3, 2025.[1] (ECF No. 1.) On October 7, 2025, Plaintiff paid the filing fee. *See* Docket. The same day, Plaintiff was provided summons and an initial scheduling order by the Clerk of Court. (ECF Nos. 3, 4, 5.)

On July 13, 2026, the Court issued an Order to Show Cause ordering Plaintiff to file a statement indicating the status of service or any good cause why Defendants have not been served under Rule 4 of the Federal Rules of Civil Procedure. 7/13/2026 Order to Show Cause (ECF No. 10). As of August 7, 2026, Plaintiff has not responded to the Court's Order to Show Cause and has not filed a proof of service reflecting that Plaintiff has attempted proper service on Defendants pursuant to Rule 4. *See* Docket.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

Accordingly, the Court recommends dismissal of this action for failure to prosecute.

## I. LEGAL STANDARDS

### A. Involuntary Dismissals under Rule 41(b)

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed under Rule 41(b):

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendant(s);
> (4) the availability of less drastic alternatives; and
> (5) the public policy favoring disposition of cases on their merits.

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

### B. Dismissals under Rule 4(m) for Failure to Serve

Rule 4(m) of the Federal Rules of Civil Procedure states that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an

appropriate period.

Fed. R. Civ. P. 4(m). Related factors exist for dismissals for insufficient service of process: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

## II. DISCUSSION

Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiff has failed to take the steps necessary to move this case forward. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendants is somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, the Court issued an Order to Show Cause on July 13, 2026, which ordered Plaintiff to inform the Court of the status of service or any good cause why Defendants have not been served for over nine months. 7/13/2026 Order to Show Cause. Plaintiff was issued summons in this action on October 7, 2025 and has had ample opportunity to serve Defendants. To date, Plaintiff has not advised the Court whether Defendants were properly served as required by Rule 4, nor has Plaintiff requested additional time to do so. Accordingly, the Court has little alternative but to recommend dismissal.

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

The factors for dismissals for insufficient service of process also warrant dismissal. *See In re Sheehan*, 253 F.3d at 512. Defendants have not been served and

have not participated in this action. While the risk of prejudice to Defendants is somewhat minimal as discussed above, Plaintiff would suffer no prejudice from dismissal, as it is Plaintiff's lack of action in his own case that is prompting dismissal.

Therefore, after careful consideration, the Court concludes dismissal for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); *see also, e.g.*, *Rowell v. Ewing Bros. Towing Co.*, 471 Fed. Appx. 597, 599 (9th Cir. 2012) ("The district court did not abuse its discretion in dismissing [plaintiff's] claims against [defendant] for failure to serve, because [plaintiff] did not show good cause for why he did not take steps to correct deficiencies in service once [defendant] notified him that it had not been properly served.").

**III. CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's action be DISMISSED; and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time

/ / /

/ / /

/ / /

/ / /

/ / /

may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: 08/10/26

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, marv.2857.25